JS-6

1  LAWRENCE BREWSTER,
   Regional Solicitor
2  DAVID M. KAHN,
   Counsel for Employment Standards
3  IAN H. ELIASOPH, Trial Attorney
   email: eliasoph.ian@dol.gov
4  California State Bar Number 227557
   United States Department of Labor
5  Office of the Solicitor
   90 Seventh Street, Suite 3-700
6  San Francisco, California 94103
   Telephone: (415) 625-7746
7  Facsimile: (415) 625-7772

8
   Attorneys for Plaintiff, Hilda L. Solis, Secretary
9  United States Department of Labor

10
                UNITED STATES DISTRICT COURT FOR THE
11
                   CENTRAL DISTRICT OF CALIFORNIA
12

13  HILDA L. SOLIS, Secretary of Labor,  ) Case No.: CV 09-02285-GAF (PJWx)
14  United States Department of Labor,    )
                                          )
15                 Plaintiff,             ) **CONSENT JUDGMENT**
                                          )
16          v.                            )
                                          )
17  RT 66 CARWASH, INC., a                )
    corporation; and ABDALLA YAGHI,       )
18  an individual,                        )
                                          )
19                 Defendants.            )
                                          )
20  _____  )

21

22          Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department

23  of Labor (the "Secretary") having filed her complaint, and Defendants RT 66

24  CARWASH, INC. ("Rt 66 Carwash") and ABDALLA YAGHI ("Yaghi"), having

25  appeared through counsel, having answered the complaint, and having been duly

*Consent Judgment*                                                              1

advised on the proceedings, and having agreed to the entry of this Consent

Judgment in settlement of this case without contest.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), that Defendants, their

officers, agents, servants, employees, and all persons in active concert or

participation with them be, and they hereby are, permanently enjoined and

restrained from violating the provisions of the Act, in any of the following

manners:

1.     Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act,

pay any of their employees who in any workweek are engaged in commerce or in

the production of goods for commerce or who are employed in an enterprise

engaged in commerce or in the production of goods for commerce, within the

meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than

such other applicable minimum rate as may hereinafter be established by

amendment to the Act).

2.     Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act,

employ any of their employees who in any workweek are engaged in commerce or

the production of goods for commerce, or who are employed in an enterprise

engaged in commerce or in the production of goods for commerce, within the

meaning of the Act, for workweeks longer than forty hours, unless such employee

receives compensation for his employment in excess of forty hours at a rate not

less than one and one-half times the regular rates at which he is employed.

3.     Defendants shall not fail to make, keep and preserve records of their

employees and of the wages, hours, and other conditions and practices of

*Consent Judgment*

2

employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

4.      Defendants shall not withhold payment of $37,964.37 which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from October 22, 2005, through October 6, 2007, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

5.      Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against the defendants in the total amount of $49,000.

*Consent Judgment*

6.      Defendants Rt 66 Carwash and Yaghi shall pay to the Secretary the sum of $37,964.37, which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from October 22, 2005, through October 6, 2007, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein, less deductions for employees' share of social security and withholding taxes.  This payment will be made in installments as set forth in paragraph 8 below.

7.      Defendants shall further pay to the Secretary as liquidated damages the additional sum of $11,035.63 hereby found to be due, for the period from October 22, 2005, through October 6, 2007, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.  This payment will be made in installments as set forth in paragraph 8 below.

8.      The provisions of paragraphs 4, 6 and 7 of this Consent Judgment will be deemed satisfied where Defendants comply with the following provisions:

a.      Within ten calendar days of the entry of this Consent Judgment, Defendants shall initiate repayment of the back wages and liquidated damages described in paragraphs 6 and 7 above by making an initial payment of $4,900.00, less legal deductions for employees' share of social security and withholding taxes, in accordance with the terms set forth in subparagraph 8b below (and as set forth in attached Exhibit B).  Defendants shall pay the remainder of the balance due, plus 1% annual interest, in 36 monthly installments, in accordance with the terms set forth in paragraph 8b (and as set forth in attached Exhibit B).  Defendants may pay the remaining balance due in full at any time with no additional penalty or interest.

*Consent Judgment*

4

b.      Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Wage and Hour Division, West Covina District Office, 100 N. Barranca Ave., #850, West Covina, California  91791, within ten calendar days of the entry of this Consent Judgment, and again on or before the fifth day of every month (i.e., August 5, September 5, October 5, etc.) thereafter until the back wage recovery and liquidated damage provisions of this Judgment have been satisfied in full for each person who is listed in the attached Exhibit A, the following:

(1)  A check or money order with the firm name and "Back Wages, Liquidated Damages, and Interest" written on it, payable to the order of the "Wage & Hour Div., Labor," in the amount due at the time of the payment as set forth in attached Exhibit B, less legal deductions for employees' share of social security and withholding taxes.  The checks described in this subparagraph shall contain no expiration date and Defendants are responsible to ensure that the accounts from which the checks are issued have and retain at all times and until all such checks are cashed sufficient funds to cover the cashing of such checks.

(2) A schedule in duplicate bearing the firm name (that is contained in the caption of this Judgment), employer identification number(s), address, and phone number of the Defendants and listing separately, for each person named in the attached Exhibit A, the name, last known (home) address, social security number, the gross amount of back wages and liquidated damages included in the specific payment for the employee, and the net amount of back wages and liquidated damages included in the specific payment for each employee.

c.  In the event of any default in the timely making of any payment due under this Consent Judgment, the full gross amount (under the back wage

*Consent Judgment*

provisions of this Judgment) that then remains unpaid (plus post-judgment interest, from the date of this Judgment until the full amount is paid in full, at the rate of 10 percent per annum on the full balance outstanding from time to time, from the date of this Judgment until this Judgment is paid in full) shall become due and payable upon Plaintiff sending by ordinary mail a written demand to the last business address of the Defendants known to the Plaintiff; the manner of the immediate payment shall in the case of the back wages and liquidated damages be a certified or cashier's check or money order with the firm name and civil action number from the caption on the first page of this Judgment and "net back wages and liquidated damages" written thereon payable to the order of the "Wage & Hour Div., Labor," and shall in the case of the interest on the back wages be a separate certified or cashier's check or money order with the firm name and civil action number and "back wage interest" written thereon payable to the order of the "Wage & Hour Div., Labor."

9.   The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

10.   The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on

*Consent Judgment*

the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

11.   Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

*Consent Judgment*

7

1    ORDERED that this Court shall retain jurisdiction of this action for purposes

2   of enforcing compliance with the terms of this Consent Judgment.

3   Dated this 7th day of July, 2010.

4

5   _____

6   GARY A. FEESS
    U.S. DISTRICT JUDGE
7

8

9   Defendants hereby consent to the entry          Dated:   July 2, 2010
    of this judgment on this 1st day of July,
10  2010.                                            M. PATRICIA SMITH
                                                     Solicitor of Labor
11

12  /s/  Carl  F. Herbold____                        LAWRENCE BREWSTER
    CARL F. HERBOLD, Esq.                            Regional Solicitor
13  Attorney for Defendants
                                                     DAVID M. KAHN
14                                                   Counsel for Employment Standards

15  /s/  Abdalla Yaghi____

16  ABDALLA YAGHI, Individually and                  /s/  Ian H. Eliasoph_____
    on behalf of Rt 66 Carwash, Inc.                 IAN H. ELIASOPH
17                                                   Trial Attorney
                                                     Attorneys for U.S. Department of Labor
18

19

20

21

22

23

24

25

*Consent Judgment*                                                                        8

**EXHIBIT A**

| Employee | Gross back wages due | Gross liquidated damages | Total due |
|---|---|---|---|
| Fanar Abu Halineh | $10,100.74 | $2,936.14 | $13,036.88 |
| Pastor Archundia | $5,280.00 | $1,534.84 | $6,814.84 |
| Nicolas Avila | $10,285.63 | $2,989.89 | $13,275.52 |
| Jose Manuel Chavez | $812.50 | $236.16 | $1,048.66 |
| Ricardo Cesar Cruz | $4,500.00 | $1,308.05 | $5,808.05 |
| Boakarie Koromah | $4,950.00 | $1,438.93 | $6,388.93 |
| Jose Luis Miguel | $1,828.50 | $531.48 | $2,359.98 |
| Gabriel Ruiz | $207.00 | $60.14 | $267.14 |
| Total: | $37,964.37 | $11,035.63 | $49,000.00 |

*Consent Judgment*

9

**EXHIBIT B**

| Payment Due Date | Gross BWs and LDs Due | Post Judgment Interest Due | Total Due |
|---|---|---|---|
| Ten Calendar Days after Entry of Consent Judgment | $4,900.00 | 0 | $4,900.00 |
| August 5, 2010 | $1,225.00 | $18.89 | $1,243.89 |
| September 5, 2010 | $1,225.00 | $18.89 | $1,243.89 |
| October 5, 2010 | $1,225.00 | $18.89 | $1,243.89 |
| November 5, 2010 | $1,225.00 | $18.89 | $1,243.89 |
| December 5, 2010 | $1,225.00 | $18.89 | $1,243.89 |
| January 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| February 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| March 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| April 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| May 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| June 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| July 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| August 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| September 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| October 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| November 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| December 5, 2011 | $1,225.00 | $18.89 | $1,243.89 |
| January 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| February 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| March 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| April 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| May 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| June 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| July 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| August 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| September 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| October 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |

*Consent Judgment*

| | | | |
|---|---|---|---|
| November 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| December 5, 2012 | $1,225.00 | $18.89 | $1,243.89 |
| January 5, 2013 | $1,225.00 | $18.89 | $1,243.89 |
| February 5, 2013 | $1,225.00 | $18.89 | $1,243.89 |
| March 5, 2013 | $1,225.00 | $18.89 | $1,243.89 |
| April 5, 2013 | $1,225.00 | $18.89 | $1,243.89 |
| May 5, 2013 | $1,225.00 | $18.89 | $1,243.89 |
| June 5, 2013 | $1,225.00 | $18.89 | $1,243.89 |
| July 5, 2013 | $1,225.00 | $18.89 | $1,243.89 |
| Totals: | $49,000.00 | $680.04 | $49,680.04 |

*Consent Judgment*